FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 SEP -3 PM 4: 35

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| YASMIN D. CAMPO-WONG | * | CIVIL ACTION |
| versus | * | NO. CV04-1655 |
| TROY BOND, ET AL. | * | SECTION C |
| | * | MAGISTRATE 4 |

* * * * * * *

**DEFENDANTS' MOTION TO STAY AND COMPEL ARBITRATION**

Defendants, Tenet Healthcare Corporation, Troy Bond, Susan Mulderick, and Shelly Lauscha, move to the Court to stay the captioned action and compel plaintiff, Yasmin D. Campo-Wong ("Campo-Wong"), to pursue her claims against all four defendants via arbitration. The grounds for defendants' motion are set forth in the attached supporting memorandum. In short, defendants show that Campo-Wong agreed to arbitrate all claims related to her employment at Memorial Medical Center, including all claims she has asserted against all defendants herein.

-1-



WHEREFORE, defendants pray that the Court grants their motion, stays the captioned action, and compels Campo-Wong to pursue her claims against them via arbitration.

Respectfully submitted,

_____
THOMAS J. McGOEY II (LSBA 18330)
MARK A. JOHNSON (LSBA 23406)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979

COUNSEL FOR DEFENDANTS, TENET
HEALTHCARE CORPORATION, TROY
BOND, SUSAN MULDERICK AND
SHELLY LAUSCHA

## CERTIFICATE OF SERVICE

I certify by my signature below that on the 3rd of September 2004, a copy of the foregoing pleading was served upon all counsel of record by U.S. Mail, postage prepaid as follows:

Ms. Yasmin D. Campo-Wong
4536 S. Miro Street, Apt. A
New Orleans, LA 70125

_____

534095_1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| YASMIN D. CAMPO-WONG | * | CIVIL ACTION |
| versus | * | NO. CV04-1655 |
| TROY BOND, ET AL. | * | SECTION C |
| | * | MAGISTRATE 4 |

\* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF**
**MOTION TO STAY AND COMPEL ARBITRATION**

Defendants, Tenet Healthcare Corporation ("Tenet"), Troy Bond ("Bond"), Susan Mulderick ("Mulderick") and Shelly Lauscha ("Lauscha"), submit this memorandum in support of their motion to stay the captioned action and compel arbitration of plaintiff's claims against them.[1]

---

[1] This lawsuit is related to Civil Action No. CV04-1654, which Campo-Wong filed against Audrey Somerville, another co-employee. Defendants do not know why Campo-Wong filed separate suits based on the same facts. Regardless both cases have been transferred to Section C on the defendants' motions. Somerville has filed a similar motion to stay and compel arbitration in Case No. CV04-1654 and both motions are noticed for hearing on September 29, 2004.

## Statement Of The Case

Plaintiff, Yasmin Campo-Wong ("Campo-Wong"), is a former employee of Memorial Medical Center ("Memorial"), a hospital affiliated with Tenet Healthcare Corporation ("Tenet"). Memorial terminated Campo-Wong's employment on June 14, 2001, as a result of Campo-Wong's unprofessional conduct in the workplace. The termination resulted from a workplace incident involving Campo-Wong and her co-employee, Audrey Somerville, on the previous day.

In this action, Campo-Wong asserts claims of wrongful termination, harassment, discriminatory practices, a hostile work environment and other alleged wrongs in connection with her employment at Memorial Medical Center, a Tenet hospital. It is undisputed that all of Campo-Wong's claims relate to and arise out of her employment with Memorial, and that Bond, Mulderick, and Lauscha were Campo-Wong's co-employees at Memorial. Bond was the Regional Director of Human Resources, Mulderick was the Chief Nursing Officer, and Lauscha was the facility Director of Human Resources.

Defendants submit that Campo-Wong's claims against them are subject to binding arbitration under the rules of the American Arbitration Association in accordance with an arbitration agreement signed by Campo-Wong. In a prior lawsuit, this Court ordered Campo-Wong to honor her commitment to arbitrate her employment-related claims against Tenet and Bond. *Orders attached as Exs. 1 and 2.* Campo-Wong is now trying to circumvent the Court's orders and has sued Tenet and Bond again based on the same facts as her prior lawsuit. She has added Mulderick and Lauscha as new defendants. All four defendants have been forced to file this motion seeking an order compelling arbitration of Campo-Wong's claims in this action.

## Facts

During Campo-Wong's employment with Memorial, all employees of Memorial received a copy of and were governed by the policies in Memorial's employee handbook. *Ex. 3, Handbook Excerpt; Ex. 4, Affidavit of Tracie D. Gravolet.* The employee handbook informs Memorial employees of the hospital's Fair Treatment Process ("FTP"), which requires employees to submit all claims and disputes concerning their employment to a multi-step grievance process and, ultimately, to final and binding arbitration. The FTP provides that:

> Your decision to accept employment or to continue employment with the company constitutes your agreement to be bound by the FTP. Likewise, the company agrees to be bound by the FTP.

*Ex. 3 at p. 65.* The FTP explains the four steps preceding arbitration, and it also explains the arbitration process:

> If you do not accept the decision reached in Step 4, then you have the right to submit the problem or dispute to final and binding arbitration. The arbitration process is limited to disputes, claims or controversies that a court of law would be authorized or have jurisdiction over to grant relief and that in any way arise out of, relate to or are associated with your employment with the Company or the termination of your employment. In such cases, an impartial and independent arbitrator -- chosen by agreement of both you and the Company -- will be retained to make a final decision on your dispute or claim, based on application of Company policies and procedures and applicable law. The arbitrator's decision is final and binding on you and the Company.

*Ex. 3 at pp. 68-69.*

All Memorial employees, including Campo-Wong, were required, *as a condition of employment,* to agree to be bound by the mandatory arbitration provisions contained in the Memorial employee handbook. On April 11, 2001, Campo-Wong executed an agreement to submit any and all claims and disputes related in any way to her employment to the FTP and, ultimately, to binding arbitration. The relevant portion of Campo-Wong's agreement states:

-3-

534495_1

> I hereby voluntarily agree to use the Company's Fair Treatment Process and to submit to final and binding arbitration any and all claims and disputes that are related in any way to my employment or the termination of my employment with Tenet. I understand that final and binding arbitration will be the sole and exclusive remedy for any such claim or dispute against Tenet or its parent, subsidiary or affiliated companies or entities, and **each of its** and/or their **employees**, officers, directors or agents, and that, by agreeing to use arbitration to resolve my dispute, both the Company and I agree to forego any right we each may have had to a jury trial on issues covered by the Fair Treatment Process. I also agree that such arbitration will be conducted before an experienced arbitrator chosen by me and the Company, and will be conducted under the Federal Arbitration Act and the procedural rules of the American Arbitration Association ("AAA").

*Agreement attached as Ex. 5, at para. 4 (emphasis added).* Thus, Campo-Wong clearly agreed to arbitrate employment-related claims against her fellow employees at Memorial, such as Somerville. *Exs. 3 and 5.*

The FTP and Campo-Wong's arbitration agreement both expressly provide that FTP arbitrations are governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq. Ex. 3 at p. 72; Ex. 5 at para. 4.* The arbitrations provided for under the FTP are conducted by the American Arbitration Association in accordance with its procedures. Impartial arbitrators are selected by the parties in accordance with the due process procedures provided by the Association. *Exs. 3 and 5.* Somerville is ready and willing to arbitrate to final and binding decision all of the claims asserted in Campo-Wong's lawsuit.

## Law and Argument

I.  **The Court Has Already Ruled That Campo-Wong Must Arbitrate Claims Arising Out Of Her Employment with Memorial Medical Center, And This Lawsuit Is Merely A Re-hash Of the Same Claims Against an Additional Defendant.**

Campo-Wong previously filed civil action number 02-1907, in which she sued Tenet and Bond in connection with the termination of her employment at Memorial Medical Center on June 14, 2001. Her complaint in the prior case makes specific reference to Mulderick and Lauscha

(who is incorrectly identified as Shelly Lawson) and the same allegedly inappropriate behavior which Campo-Wong alleges in this action. *Campo-Wong's complaint in case number 02-1907, which was attached as exhibit 1 to Defendants' motion to transfer to Section C.* Campo-Wong's court-appointed attorney, Ronald Wilson, who has substantial experience in employment law cases such as this, signed a joint motion to stay the prior lawsuit pending arbitration, and this Court granted the motion. *Motion and Order attached as Ex. 1.* Campo-Wong later moved to "re-open" her case, and this Court denied the motion and ruled that Campo-Wong was obligated to arbitrate the claims related to her employment because the arbitration agreement was enforceable. *November 26, 2002 Order attached as Ex. 2.*

This action is not based on new facts or incidents. To the contrary, it is merely a re-hash of the same claims that were asserted in Campo-Wong's prior lawsuit. Campo-Wong is attempting to circumvent the Court's clear order that she arbitrate her employment-related claims. Perhaps she does not know better. Regardless, it is clear that the Court has already ruled that the claims at issue in this case are subject to the enforceable arbitration agreement Campo-Wong signed. Thus, just as it did in the prior lawsuit, the Court should stay this action and compel arbitration.

As to Tenet and Bond, arbitration is mandated as a result of the *res judicata* and/or law of the case doctrines. As to Mulderick and Lauscha, arbitration is mandated because Campo-Wong's agreement to arbitrate covers all employment-related claims against co-employees. Moreover, the authorities cited below establish that the Court's rulings compelling arbitration in the prior lawsuit were entirely correct.

## II. The FAA Mandates That Campo-Wong Arbitrate Her Claims Against All Four Defendants.

The authorities interpreting the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, which is specifically referenced in Campo-Wong's agreement to arbitrate, establish that since Campo-Wong agreed to arbitrate employment related disputes against Tenet and her co-employees, this Court must stay the captioned action and compel Campo-Wong to arbitrate her claims against all four defendants.

### A. The FAA Requires That Courts Rigorously Enforce Agreements To Arbitrate.

The FAA directs that courts rigorously "enforce agreements to arbitrate." 9 U.S.C. § 1 *et. seq.* See also, *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 132 S. Ct. 1302, 149 L.Ed.2d 234 (2001); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (claim of age discrimination subject to compulsory arbitration), citing *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 225-26 (1987); *Rojas v. TK Communications, Inc.*, 87 F.3d 745, 747 (5th Cir. 1996) (sexual harassment claim under Title VII subject to arbitration); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698 (11th Cir. 1992); *Alford v. Dean-Witter Reynolds, Inc.*, 939 F.2d 229, 230 (5th Cir. 1991) (Title VII claim must be arbitrated); *Satarino v. A.G. Edwards & Sons*, 941 F. Supp. 609, 612-13 (N.D. Tex. 1996) (ADA and FMLA claims subject to arbitration); *Crawford v. West Jersey Health Systems*, 847 F. SUPP. 1232 (D.N.J. 1994) (enforcing employment agreement requiring health care employee to arbitrate sex and age discrimination claims).

The FAA also mandates a stay of the trial of any suit that is referable to arbitration, "until such arbitration has been had," and requires the court to order the parties to proceed to

arbitration. 9 U.S.C. § 3. In fact, any suit involving claims subject to arbitration *must* be stayed. *Id.*[2]

### B. The FAA's Requirement Of A "Written Provision" To Arbitrate Has Been Satisfied.

Arbitration is a matter of contract, and can be compelled under the FAA if there is a written agreement that evidences a transaction involving interstate commerce. 9 U.S.C. § 2; *Neal v. Hardee's Food Systems, Inc.*, 918 F.2d 34, 37 (5th Cir. 1990). The FAA specifically requires only that there be a "written provision" to arbitrate a dispute. 9 U.S.C. § 2. In fact, the written provision need not even be signed. *Valero Refining, Inc. v. M/T Lauberhorn,* 813 F.2d 60, 64 (5th Cir. 1987); *Genesco v. T. Kakiuchi & Co.,* 815 F.2d 840, 846 (2d Cir. 1987); *First Citizens Municipal Corp. v. Pershing,* 546 F. Supp. 884, 887 (N.D. Ga. 1982).

During her employment with Memorial, Campo-Wong was advised of Tenet's FTP, its requirement of binding arbitration of employment-related disputes, and the fact that she was subject to the policy as a condition of her employment. She signed an agreement to submit all employment-related claims to final and binding arbitration. *Ex. 5* Thus, it is clear that there is a written provision to arbitrate this dispute.

### C. All Of Plaintiff's Claims Against Bond, Mulderick and Lauscha Are Within The Scope Of The Arbitration Provision.

---

[2] The Louisiana Supreme Court has confirmed the FAA's strong policy in favor of arbitration:

> The United States Supreme Court has made it clear that the substantive provisions of the Federal Arbitration Act pre-empt state law and govern all written arbitration agreements in contracts connected to transactions involving interstate commerce. The FAA embodies a liberal federal policy favoring arbitration agreements. Whether a claim is brought in state court or federal court, and whether a claim is based on state or federal law, courts must enforce arbitration agreements in contracts covered by the FAA, notwithstanding any state statutory or jurisprudential rules to the contrary.

*Collins v. Prudential Ins. Co. of America,* No. 99-C-1423 (La. 1/19/2000), 752 So. 2d 825 at 827.

Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *AT&T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 650 (1986); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626 (1985). *See also, Gargill Ferrous Intern v. M/V Anotori,* 935 S. Supp. 833 (E.D. La. 1996). Arbitration must not be denied unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue. *Mar-Len of Louisiana, Inc. v. Parsons-Gilbane,* 733 F.2d 633, 635 (5th Cir. 1985) (emphasis added).

Campo-Wong's complaint alleges a host of claims such as wrongful termination, harassment, hostile work environment, and discriminatory practices, all of which are related to her employment at Memorial Medical Center and the termination thereof. The jurisprudence establishes that Campo-Wong's agreement to arbitrate these employment-related claims should be enforced. As the United States Supreme Court held in *Circuit City,* which involved claims of sexual harassment and other employment-related torts:

> The Court has been quite specific in holding that arbitration agreements can be enforced under the FAA without contravening the policies of congressional enactments giving employees specific protection against discrimination prohibited by federal law; as we noted in *Gilmer*, [b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.

532 U.S. at 123, 121 S. Ct. at 1313. The same rationale applies to Campo-Wong's employment-related claims.

In addition to the pronouncements of the U.S. Supreme Court, several lower courts have compelled arbitration of employment-related disputes when employees have agreed to arbitrate pursuant to their employers' mandatory arbitration policies. For example, in *Jones v. Tenet*

*Healthcare Network, Inc.*, 1997 WL 180384 (E.D. La. 4/7/97), Judge Lemmon of this Court compelled an employee of another Tenet hospital to arbitrate her employment-related disputes. *Copy of Judge Lemmon's opinion attached as Ex. 6.* The plaintiff in *Jones* had executed an agreement to arbitrate her claims against Tenet's predecessor company, American Medical International ("AMI"). The agreement to arbitrate signed by Campo-Wong is even more explicit than that signed by the plaintiff in *Jones*. Thus, like the plaintiff in *Jones,* Campo-Wong should be held bound to honor her agreement and submit her claims to arbitration.[3]

Furthermore, the courts have established that this very arbitration agreement requires arbitration of employment-related claims, including claims against co-employees such as Somerville. *Varallo v. Elkins Park Hospital,* 63 Fed. Appx. 601 (3d Cir. 2003); *Ortiz v. Winona Memorial Hospital,* 2003 WL 21696524 (S.D. Ind. 2003); and *Henderson v. Idowu,* 828 So. 2d 451 (Fla. App. 4th DCA 2002). In *Henderson,* an employee of another Tenet hospital, Florida Medical Center, filed suit against his supervisor in connection with the termination of his employment. The hospital moved to stay the lawsuit and compel arbitration based on the employee's agreement to arbitrate, an agreement which is identical to that signed by Campo-Wong in the instant case. 828 So. 2d at 452. The trial court denied the hospital's motion to compel arbitration without stating its reasons. The Florida District Court of Appeal for the Fourth District reversed and compelled arbitration, notwithstanding the fact that the supervisor was not a signatory to the arbitration agreement. The court found that the arbitration agreement was "expressly intended to benefit an identified class of persons, i.e., an employee of Tenet or one of its affiliated companies or entities." It held that the supervisor "fell within the identified

---

[3] *See also Patterson v. Tenet Healthcare, Inc.,* 113 F.3d 832 (8th Cir. 1997), which involved the same arbitration provision as *Jones.*

class and, thus, she may benefit from the agreement as a third party beneficiary." *Id.* at 452-53. *Copy of Henderson decision attached as Ex. 7.*

**CONCLUSION**

In accordance with its prior orders and the mandate of the Federal Arbitration Act, the Court should grant defendants' motion to stay Campo-Wong's lawsuit and compel her to submit her claims to binding arbitration.

        Respectfully submitted,

        _____
        THOMAS J. McGOEY II (LSBA 18330)
        MARK A. JOHNSON (LSBA 23406)
        LISKOW & LEWIS
        One Shell Square
        701 Poydras Street, Suite 5000
        New Orleans, Louisiana 70139-5099
        Telephone: (504) 581-7979

        COUNSEL FOR DEFENDANT,
        AUDREY SOMERVILLE

**CERTIFICATE OF SERVICE**

I certify by my signature below that on the 3rd day of September, 2004, a copy of the foregoing Memorandum in Support of Motion to Stay Pending Arbitration Arbitration or, Alternatively, to Dismiss was served upon all counsel of record by United States mail, postage prepaid, as follows:

        Yasmin D. Campo-Wong
        4536 S. Miro Street, Apt. A
        New Orleans, LA 70125

        _____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| YASMIN D. CAMPO-WONG | * | CIVIL ACTION |
| versus | * | NO. CV04-1655 |
| TROY BOND, ET AL. | * | SECTION C |
| | * | MAGISTRATE 4 |

\* \* \* \* \* \* \*

## NOTICE OF HEARING

To:   Ms. Yasmin D. Campo-Wong
      4536 S. Miro Street, Apt. A
      New Orleans, LA 70125

PLEASE TAKE NOTICE that Defendants' Motion to Stay and Compel Arbitration will be brought on for hearing before the Honorable Helen G. Berrigan at 9:30 a.m. on the 29th day of September, 2004.

Respectfully submitted,

_____
THOMAS J. McGOEY II (LSBA 18330)
MARK A. JOHNSON (LSBA 23406)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979

COUNSEL FOR DEFENDANTS, TENET
HEALTHCARE CORPORATION, TROY
BOND, SUSAN MULDERICK AND
SHELLY LAUSCHA

## CERTIFICATE OF SERVICE

I certify by my signature below that on the 3rd of September 2004, a copy of the foregoing pleading was served upon all counsel of record by U.S. Mail, postage prepaid as follows:

> Ms. Yasmin D. Campo-Wong
> 4536 S. Miro Street, Apt. A
> New Orleans, LA 70125

_____

534095_1

# SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED